UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RICHARD SOLDAN, | Case No. 19-11475 |
| Plaintiff, | Laurie J. Michelson |
| v. | United States District Judge |
| RANDY MUSGROVE, | Curtis Ivy, Jr. |
| | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION:
RULE 41(b) DISMISSAL AND TERMINATION OF
<u>MOTION TO DISMISS (ECF No. 24)</u>**

**I.     PROCEDURAL HISTORY**

Plaintiff Richard Soldan filed this civil rights complaint May 20, 2019, without the assistance of counsel.  (ECF No. 1).  This case was later referred to the undersigned for all pretrial matters.  (ECF No. 21).

On February 12, 2021, defendant Randy Musgrove filed a motion to dismiss. (ECF No. 24).  On February 16, 2021, the court ordered Soldan to respond to the dispositive motion by March 16, 2021.  (ECF No. 25).  The order warned that **"Failure to file a response may result in sanctions, including granting all or part of the relief requested by the moving party**."  (ECF No. 25, emphasis in original).  On May 20, 2021, having received no response from Soldan, the Court ordered Soldan to show cause why the case should not be dismissed due to his failure to file a response.  (ECF No. 28).  His response to the order to show cause

was due June 14, 2021. That order similarly warned that "**[f]ailure to timely or adequately respond in writing to this Order to Show Cause or timely file a response to the motion will result in a recommendation that the motion be granted or that the entire matter be dismissed under Rule 41(b)**." (ECF No. 28, emphasis in original).

The order to show cause was returned to the Court as "undeliverable" on June 3, 2021. (ECF No. 29). The Court then ordered Soldan to show cause why this case should not be dismissed for his failure to keep his address updated with the Court. (ECF No. 30). His response to this order to show cause was due July 2, 2021. Soldan was warned again failure to respond to the order to show cause would result in a recommendation that this matter be dismissed under Rule 41(b).

As of the date of this report and recommendation, Soldan has not filed a response to either order to show cause or a response to the motion to dismiss. Consequently, for the reasons set forth below, the undersigned **RECOMMENDS** the complaint be **DISMISSED** with prejudice under Federal Rule of Civil Procedure 41(b) and that the pending motion to dismiss be **TERMINATED** as moot.

II.  ANALYSIS AND CONCLUSIONS

Under Federal Rules of Civil Procedure 41(b), a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *Link v.*

*Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001); *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the Court."). Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-630. "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). Further, "a district court can dismiss an action for noncompliance with a local rule . . . if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced

3

> by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Knoll*, 176 F.3d at 363. On balance, these factors weigh in favor of dismissal here. With respect to the first factor, similar to the facts in *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id*. Regardless, "defendants cannot be expected to defend an action," that plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id*. For these reasons, the first and second factors weigh in favor of dismissal.

Moreover, based on the warnings given to Soldan, the third factor also clearly weighs in favor of dismissal. This court has regularly dismissed cases under Rule 41(b) after a plaintiff has been warned of dismissal, failed to comply with court orders without explanation, and where defendants expended resources on an abandoned action, and lesser sanctions would prove useless. *See e.g.*,

4

*Croton v. Recker*, 2012 WL 3888220, at *2 (E.D. Mich. Sept. 7, 2012); *Labreck v. U.S. Dep't of Treasury*, 2013 WL 511031, at *2 (E.D. Mich. Jan. 25, 2013) (recommending dismissal for plaintiff's failure to comply with orders of the court), *report and recommendation adopted*, 2013 WL 509964 (E.D. Mich. Feb. 12, 2013); *Williams v. Cty. of Saginaw*, 2019 WL 5957234, (E.D. Mich. Oct. 21, 2019), *report and recommendation adopted*, 2019 WL 5896603 (E.D. Mich. Nov. 12, 2019). Additionally, a Rule 41(b) dismissal is an appropriate sanction for a *pro se* litigant's failure to provide the court with information regarding his current address. *Watsy v. Richards*, 1987 WL 37151 (6th Cir. 1987); *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) (finding that a *pro se* prisoner's complaint "was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address"); *Rogers v. Ryan*, 2017 WL 5150884, at *2 (E.D. Mich. Nov. 7, 2017) ("A Rule 41(b) dismissal is an appropriate sanction for a *pro se* litigant's failure to provide the court with information regarding his current address.").

Importantly, despite the court's warning the dispositive motion would be granted, and later that his action may be dismissed for his failure to respond to the motion and to keep his address updated with the Court, Soldan failed to respond to the Court's orders to show cause. In the orders to show cause, the Court warned that "**[f]ailure to timely or adequately respond in writing to this Order to Show**

5

**Cause or timely file a response to the motion will result in a recommendation that the motion be granted or that the entire matter be dismissed under Rule 41(b)**." (ECF Nos. 28, 30, emphasis in original). Despite these clear warnings, Soldan has provided no good reason why this court should not dismiss the complaint against the remaining defendant. *See Labreck*, *2.

Finally, given Soldan's failure to respond to the motion to dismiss or to the court's order to show cause, the undersigned sees no utility in considering or imposing lesser sanctions. Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, 2008 WL 2216281, *5 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)); *see also Labreck*, 2013 WL 511031, *2; *McMillian v. Captain D's*, 2007 WL 2436668, *2 (D.S.C. 2007) (dismissing motion to dismiss and to compel arbitration because of plaintiff's failure to respond despite being advised of the applicable procedures and possible consequences for failure to respond adequately). Thus, taken together, these factors support dismissal for failure to prosecute.

The undersigned concludes that, for the reasons discussed above, Soldan has effectively abandoned his case by repeatedly failing to follow the court's orders. Under these circumstances, dismissal with prejudice is appropriate.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that

plaintiff's complaint be **DISMISSED** with prejudice under Federal Rule of Civil Procedure 41(b), and that the pending motion to dismiss be **TERMINATED** as moot.

The parties to this action may object to and seek review of this Report and Recommendation but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: July 12, 2021                                  s/Curtis Ivy, Jr.
                                                            Curtis Ivy, Jr.
                                                            United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 12, 2021, by electronic means and/or ordinary mail.

                                                            s/Kristen MacKay
                                                            Case Manager
                                                            (810) 341-7850