UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RICHARD SOLDAN,<br><br>    Plaintiff,<br><br>v.<br><br>RANDY MUSGROVE,<br><br>    Defendant. | Case No. 19-cv-11475<br>Honorable Laurie J. Michelson<br>Magistrate Judge Curtis Ivy, Jr. |

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION [32] AND DISMISSING COMPLAINT WITH PREJUDICE**

Richard Soldan filed this suit against Randy Musgrove, alleging (among other things) that Musgrove slandered him in retaliation for exercising his First Amendment rights. (ECF No. 1, PageID.14.)

In October 2020, this Court referred all pretrial matters in this case to Magistrate Judge Curtis Ivy, Jr. (ECF No. 21.) In February 2021, Musgrove filed a motion to dismiss. It appears that Soldan did not receive a copy of this motion, and with time running out to respond, asked for an extension of time. (ECF No. 26.) In his request for an extension, Soldan also provided a new "address of record": "321 East Paterson Street" in Flint, Michigan. (ECF No. 26, PageID.147.) But later orders sent to that address, including Magistrate Judge Ivy's show cause orders, were returned undeliverable. (*See e.g.*, ECF No. 29, 31.) On July 12, 2021, Magistrate Judge Ivy issued a report and recommendation for this case to be

dismissed with prejudice. (ECF No. 32.) That report was also sent to Soldan at the East Paterson address; it too was also returned undeliverable. (ECF No. 33.)

At the conclusion of his July 12, 2021 Report and Recommendation, Magistrate Judge Ivy notified the parties that they were required to file any objections within 14 days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 32, PageID.167.) Even though Soldan received three extra days to file objections under Federal Rule of Civil Procedure 6, 30 days have passed, and no objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Court

further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and accepts his recommended disposition. (ECF No. 32, PageID.166–167.) The Court thus dismisses Soldan's complaint with prejudice.

SO ORDERED.

Dated: August 13, 2021

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
UNITED STATES DISTRICT JUDGE